UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| VELTOR COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00287-JMS-MJD |
| | ) |
| STEVE CARPENTER, | ) |
| S. CHAPMAN, | ) |
| | ) |
| Defendants | ) |

**Entry Granting Motion for Partial Summary Judgment,
Dismissing State Law Claim and Directing Entry of Final Judgment**

Veltor Cotton filed this action on June 16, 2017, contending that his civil rights were violated while he was incarcerated in the Indiana Department of Correction ("IDOC"). Mr. Cotton claims that the imposition of a restitution order in a 2015 disciplinary conviction with no set amount, no end date, and without taking into account the payment by medical insurance, violated his due process rights. The defendants moved for summary judgment arguing that Mr. Cotton failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

**Facts**

At all times relevant to his Complaint, Mr. Cotton was confined by the IDOC at Wabash Valley Correctional Facility ("Wabash Valley"). The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an inmate at Wabash Valley, Mr. Cotton had access to the offender grievance process. All offenders are made aware of the offender grievance process during orientation and a copy of the grievance process is available in various locations within the prisons.

The grievance process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the grievance officer of the facility where the incident occurred. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step. A grievance must be filed within twenty (20) working days from the date of the alleged incident.

The IDOC's grievance records for Mr. Cotton reflect that he filed three grievances related to the restitution order. However, none of those grievances were appealed.

## Discussion

The defendants argue that Mr. Cotton failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendants have shown that Mr. Cotton failed to avail himself of all administrative remedies before filing this civil action. Mr. Cotton does not directly dispute that he did not appeal his grievances related to his restitution order. Instead, Mr. Cotton states that he attempted to exhaust his remedies many times. As evidence of these attempts, Mr. Cotton attaches one response

to his grievance and several requests for interviews. Dkt. 25-1. But filing multiple grievances on the same issue without filing any grievance appeals, or requesting multiple times to discuss the issue with an administrator does not comply with the institution's policy for exhausting administrative remedies. The defendants assert, and Mr. Cotton does not dispute, that he was given a copy of the disciplinary policy when he arrived at Wabash Valley. Mr. Cotton does not allege that administrative remedies were unavailable to him. It is therefore undisputed that Mr. Cotton failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Cotton's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## State Law Claim

Now that the plaintiff's federal claims have been dismissed, the Court must decide whether it should exercise supplemental jurisdiction over the plaintiff's state-law claim. The Court ultimately has discretion whether to exercise supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "When all federal claims in a suit in federal court are

dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). This presumption applies here, as not only are all the federal claims decided before trial, but they are dismissed prior to the commencement of discovery. Accordingly, the Court relinquishes supplemental jurisdiction over Mr. Cotton's state-law claims, which are now dismissed for lack of jurisdiction.

## Conclusion

The defendants' motion for partial summary judgment, dkt. [19], is **granted and the remaining state law claim is dismissed for lack of jurisdiction**. Final judgment in accordance with this Entry shall issue at this time.

**IT IS SO ORDERED.**

Date: 11/22/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VELTOR COTTON
174763
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Kelly Suzanne Witte
INDIANA ATTORNEY GENERAL
kelly.witte@atg.in.gov